**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LISA HAMMELL. | Criminal Action No. 22-288 (MAS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Lisa Hammell's ("Hammell") Letter Motion for Early Termination of Probation ("Motion") pursuant to 18 U.S.C. § 3564(c). (ECF No. 33.) The United States of America (the "Government") did not e-file a response to the Motion. The Court has considered Hammell's Motion under Local Civil Rule 78.1, which applies to criminal cases under Local Criminal Rule 1.1. For the reasons stated below, the Motion is denied.

**I.   BACKGROUND**

On August 8, 2022, Hammell pled guilty to a two-count Indictment charging her with: (1) conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; and (2) fraud in connection with identification documents, in violation of 18 U.S.C. § 1028(a)(7). (*See* Indictment, ECF No. 1; *see also* Plea Agreement, ECF No. 22.)

On January 19, 2023, Hammell was sentenced to probation for a term of two years on Count One and Count Two, to run concurrently, with special conditions.[1] (Minutes of

---

[1] The following special conditions were ordered: (1) Financial Disclosure; (2) Mental Health Treatment; (3) New Debt Restrictions; and (4) Consent to Search. (J. 2-3.)

Proceedings, ECF No. 31; J., ECF No. 32.) Hammell was also ordered to pay a total fine of $9,500. (J. 6.)

On May 7, 2024,[2] Hammell moved for early termination of probation based on her compliance with the supervised release conditions, including restitution requirements. (Hammell's Mot., ECF No. 33.) Specifically, she states that although she is gainfully employed at a bar/restaurant, a potential employer recently rescinded a "prosperous career opportunity" due to her probationary status. (*Id.*)

## II.  LEGAL STANDARD

The court may terminate a term of probation prior to its expiration under 18 U.S.C. § 3564(c). The statute provides that:

> [A]fter considering the factors set forth in section 3553(a) to the extent that they are applicable, [the Court] may . . . terminate a term of probation . . . at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c).

Extraordinary circumstances may be sufficient to justify early termination, but they are not necessary for the court to grant early termination. *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020).

## III.  DISCUSSION

The Court has considered the § 3553(a) factors and finds that early termination of probation is not warranted. While the Court commends Hammell's progress towards living a

---

[2] The letter was received and docketed by the Court on May 20, 2024. (ECF No. 33.)

law-abiding life and fulfilling her financial obligations, compliance with the terms of probation is what is expected of probationers, and without more, cannot justify early termination. *See United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003) ("[M]ere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination."). Here, there are no new or unforeseen circumstances that warrant a change in the Court's initial sentencing of probation. *See United States v. Bowers*, No. 21-505, 2024 WL 361343, at *2 (W.D. Pa. Jan. 31, 2024) ("[A] new job opportunity is not categorically a reason for early termination"). In several months, Hammell "will be free to explore any business [or job] opportunities foreclosed by the terms of [her] [probation or] supervised release." *Id.*

In sum, the Court finds its initial sentence appropriate and an early termination of probation would not be in the interest of justice. As such, Hammell's Motion is denied.

IV. **ORDER**

For the foregoing reasons,

**IT IS**, on this 14th day of August 2024, **ORDERED** that:

1. The Clerk of Court shall reopen this case for consideration of Defendant's Motion.

2. Hammell's Letter Motion for Early Termination of Probation (ECF No. 33) is **DENIED**.

3. The Clerk of Court shall close this case.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

3